NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 231168-U

NO. 4-23-1168

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 16, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Adams County |
| ALEXANDER ROBLES, | ) | No. 23CF446 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Mark Vincent, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2    Defendant, Alexander Robles, appeals the trial court's order denying his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On July 18, 2023, defendant was charged with one count of aggravated battery (720 ILCS 5/12-3.05(c) (West 2022)) and one count of domestic battery (*id.* § 12-3.2(a)(2), (b)). The State alleged defendant, while on a sidewalk, slammed Hannah S. Kirkpatrick to the ground, got on top of her, and placed his hands around her neck. The State further asserted defendant had three other convictions for domestic battery, including Adams County case Nos. 17-CF-740 and

16-CM-259, as well as Huron County, Michigan, case No. 16-913-SM. Bond was set at $15,000, with 10% to apply.

¶ 5 On October 19, 2023, defendant's arrest warrant was served, defendant was detained, and the State filed a petition for the denial of defendant's pretrial release. The State asserted defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community and defendant has a high likelihood of willful flight to avoid prosecution.

¶ 6 That same day, a hearing was held on the State's petition. The State emphasized defendant's three other convictions for domestic violence. The State further informed the trial court defendant was on bond for another domestic-battery offense with a different victim who was pregnant (Adams County case No. 20-CF-428). The State made a proffer supporting its willful-flight claim, including asserting there was an outstanding Michigan warrant for failure to appear at sentencing in 2017 and defendant had multiple other failure-to-appear warrants.

¶ 7 Defense counsel countered the incident occurred on July 4, 2023, and defendant and the alleged victim had no problem in the three-and-a-half months since that date. Counsel emphasized defendant had no contact with the alleged victim. According to counsel, defendant resided with roommates who were "good influences," and he was willing to participate in pretrial services and wear an ankle monitor. Defense counsel asserted defendant reported being sober for four to five months and was employed and supporting his three children.

¶ 8 The trial court held the following when denying the petition for pretrial release:

"I think, first and foremost, I think there's been enough evidence clear and convincing that, number one, the defendant has committed a qualifying offense and that he poses a real and present

threat to the safety of any person. I don't know the victim here,

Ms. Kirkpatrick, if she is seeking an order of protection here so I—

I take that to mean that she does have concerns for her safety. If

things had been going so well, I don't know that she would be

inclined to do that. I'm not clear and I just want to—and I noted

here so the—there's been an outstanding warrant for [defendant] in

the 20-CF-428 case since February of 2022?

*** 

And I'm not sure why it hadn't been served or how they

finally found him but that's a concern, as well, and because that

case is also a felony level domestic battery, I think there's just too

much presented here that creates a threat to the safety at least of

these victims and maybe just in the public as at large because we

have more than one victim so I'm going to order that the defendant

be detained for that reason."

¶ 9        The trial court also found by clear and convincing evidence the proof was evident

and the presumption was great defendant committed a felony. The court concluded, based on

defendant's criminal history and the information in total, no condition or combination of

conditions could mitigate the real and present threat to the safety of any person or persons in the

community. The court found, however, the State failed to prove its claim of willful flight, stating,

"I find there is not and/or your willful flight based on the specific articulable facts in this case."

The  written order shows the court based its findings on the following: (1) the nature and

circumstances of the offense, (2) defendant's criminal history indicating defendant's "violent,

abusive, or assaultive behavior," (3) defendant's psychological, psychiatric, or other similar social history indicates a violent, abusive, or assaultive nature, and (4) the identity of defendant's victim, to whose safety defendant is believed to pose a threat.

¶ 10        This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12        On October 31, 2023, defendant filed a notice of appeal challenging the order denying him pretrial release but no memorandum under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023). Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the Illinois Supreme Court Rules (see Ill. S. Ct. R. 606(d) (eff. Oct. 19, 2023)), by which he asks this court to reverse the order denying pretrial release and remand for the setting of pretrial release conditions. The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked one ground for relief: the State failed to meet its burden of proving by clear and convincing evidence no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community or defendant's willful flight. Under the preprinted text, defendant wrote the following:

> "[Defendant] has had no contact with the complainant in
> this case for approximate three and a half months, which
> demonstrates that he is not a real and present threat to her, as the
> State claimed. Further, [defendant] offered to wear an ankle
> monitor, to assure the court that his location would be on record
> during the pendency of his release. This was especially vital to
> [defendant] as he supported his three minor children with his job,

- 4 -

which he is no longer able to do while being detained.

Furthermore, while the State alleged that he had engaged in willful flight, the State failed to present any evidence that he had done anything other than fail to appear in court, which is not willful flight under the law."

¶ 13    All criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West Supp. 2023). To deny defendant pretrial release under section 110-6.1 of the Code (*id.* § 110-6.1(e)(2)-(3)), as the State sought here, the State must prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community *** or (ii) the defendant's willful flight."

¶ 14    In this case, the State sought denial of defendant's pretrial release based on defendant's alleged dangerousness (see *id.* § 110-6.1(a)(7), (e)(3)(i)) and defendant's alleged high likelihood of willful flight (see *id.* § 110-6.1(a)(8), (e)(3)(ii)). In his notice of appeal, defendant argued the State failed to present sufficient evidence to establish willful flight. We need not address this contention, however, as the trial court agreed with defendant and did not detain defendant on this ground.

¶ 15    We thus turn to the trial court's order denying defendant's pretrial release based on defendant's alleged dangerousness. Factors to be considered by a court in determining whether a defendant poses a real and present threat include the following:

"(1) The nature and circumstances of any offense charged,

including whether the offense is a crime of violence, involving a weapon, or a sex offense.

(2) The history and characteristics of the defendant including:

(A) Any evidence of the defendant's prior criminal history indicative of violent, abusive or assaultive behavior, or lack of such behavior. ***

(B) Any evidence of the defendant's psychological, psychiatric or other similar social history which tends to indicate a violent, abusive, or assaultive nature, or lack of any such history.

(3) The identity of any person or persons to whose safety the defendant is believed to pose a threat, and the nature of the threat.

(4) Any statements made by, or attributed to the defendant, together with the circumstances surrounding them.

(5) The age and physical condition of the defendant.

(6) The age and physical condition of any victim or complaining witness.

(7) Whether the defendant is known to possess or have access to any weapon or weapons.

(8) Whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release ***.

> (9) Any other factors *** deemed by the court to have a
>
> reasonable bearing upon the defendant's propensity or reputation
>
> for violent, abusive, or assaultive behavior, or lack of such
>
> behavior." *Id.* § 110-6.1(g).

The question of whether defendant, as charged by the State, may have been properly denied pretrial release is not resolved by a determination defendant is dangerous, or "a real and present threat." *Id.* § 110-6.1(e)(3)(i). The State must also have proven by clear and convincing evidence no condition or combination of conditions can mitigate that threat. See *id.*

¶ 16　　　　We review the question of whether defendant was properly denied pretrial release for an abuse of discretion. See *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. Under this standard, this court will find an abuse of discretion when we find the decision regarding pretrial release unreasonable, arbitrary, or fanciful or when we find no reasonable person would agree with the trial court's decision. *Id.* ¶ 10. This court will not substitute our judgment for the trial court's judgment simply because we would have analyzed the factors differently. *Id.* ¶ 11.

¶ 17　　　　Here, we find no abuse of discretion. The record demonstrates the trial court considered the proffers, the nature of the offense, and counsel's arguments, even ruling against the State on the willful-flight ground. The court expressly addressed the statutory factors and found defendant to present an ongoing threat to not only the victim of this case but to the victim of the other pending Adams County case and concluded no conditions of pretrial release could mitigate defendant's threat to the victims of his offenses or the community. Given defendant's repeated domestic-violence convictions, the charges in this case, and the pending domestic-violence charge, we cannot find the court's decision "arbitrary, fanciful or unreasonable" (internal quotation marks omitted), or one with which no reasonable person would agree. *Id.*

¶ 10.

¶ 18                                      III. CONCLUSION

¶ 19          We affirm the trial court's judgment.

¶ 20          Affirmed.